UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LAUREN LAYTON**
    And all others similarly situated,
    **Plaintiff(s),**

v.                                  Case No.: 6:17-cv-1488-Orl-41DCI

**PERCEPTA, LLC,**
a Delaware Limited Liability Company, and
**FORD MOTOR COMPANY**, a Delaware Corporation,
    **Defendants.**
_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
(*OPT-IN COLLECTIVE ACTION*)

Plaintiff, LAUREN LAYTON, files this Amended Complaint pursuant to Fed. R. Civ. P. 15, on behalf of herself and a class of other similarly situated employees to require Defendants, PERCEPTA, LLC, a Delaware Limited Liability Company (Hereinafter "PERCEPTA"), and FORD MOTOR COMPANY, a Delaware Corporation (Hereinafter "FORD"), to pay back wages owed to Plaintiff(s) which Defendants failed to pay overtime for each hour worked in excess of 40 during a workweek in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. ("the FLSA").

*Introduction*

1.    This is an action by the Plaintiff against her current employer for overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S. C. § 201 et seq.

*Parties, Jurisdiction, and Venue*

2.    Plaintiff, LAUREN LAYTON, was a resident of Brevard County, Florida and at all times material hereto, and she is *sui juris*.

3. The acts committed were occurred in Brevard County, Florida.

4. Plaintiff and all those similarly situated were hourly employees of Defendants who worked off-the-clock and were not paid overtime for each hour worked in excess of 40 during a workweek.

5. Plaintiff and all those similarly situated were non-exempt, hourly employees of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

6. Plaintiff consents to participate in this lawsuit.

7. Defendant, PERCEPTA, LLC, is a Delaware Limited Liability Company, conducting business in Brevard County, Florida, and it is *sui juris*.

8. Defendant, Ford Motor Company, is a Delaware Corporations conducting business in Brevard County, Florida, and is *sui juris*.

9. Defendants, PERCEPTA and FORD, are a joint employer and/or integrated enterprise.

10. At all times relevant, Defendants operated a customer service call center having its principle place of business located at 1320 South Babcock St. NE, Melbourne, FL 32901.

11. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, as such a three-year statute of limitation applies, pursuant to 29 U.S.C. §§201 et seq.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the authority to grant declaratory relief under the FLSA pursuant to 29 U.S.C. § 201 et seq.

*General Allegations*

13. Plaintiff, LAUREN LAYTON, started working for Defendants on or about February 4, 2013. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

14. Plaintiff, LAUREN LAYTON, is an hourly employee of Defendants working at its Melbourne, Florida customer service call center as a regional customer service manager.

15. At all times relevant, Layton, and those similarly situated employees regularly worked in excess of forty (40) hours in each workweek but was not paid time and one-half compensation for those overtime hours .

16. Plaintiff was a non-exempt, hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

17. At all times relevant, Defendants Operated a customer service call Center at 1320 South Babcock St. NE, Melbourne, FL 32901.

18. At all times relevant, Defendants was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees engage in interstate commerce, as they transacts business via interstate telephone calls, internet and U.S. Mail and its annual gross volume of sales made or business done is not less than $500,000.

19. Defendants are Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

20. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

21. During their employment with Defendants, Plaintiff and all those similarly situated employees worked in excess of forty (40) hours per workweek without receiving overtime compensation for all hours worked in excess of forty (40). Despite the hours worked by Plaintiff and all those similarly situated employees, Defendants willfully, in bad faith, and in

knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

22. By requiring Plaintiff and all those similarly situated employees to work off-the-clock, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

23. After clocking out Plaintiff and those similarly situated employees were caused to work off the clock and informed that they needed to do whatever was needed to get the job done including working off-the-clock.

24. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

25. Plaintiff retained the undersigned counsel and has agreed to pay a reasonable fee for all services rendered.

26. The additional similarly situated persons who may become Plaintiffs in this action are other hourly-paid, current and former employees of Defendants who worked in excess of forty (40) hours in a workweek but were not compensated for the work performed.

27. Defendant's unlawful conduct has been widespread, repeated, and consistent.

28. This cause of action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).

29. The FLSA Collective Members are readily ascertainable.

30. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant's records.

## **COUNT I – RECOVERY OF OVERTIME COMPENSATION UNDER FLSA**

31. Plaintiff re-alleges and incorporates paragraphs 1 through 28 of this Complaint, as if set forth in full herein.

32. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA's overtime provisions.

33. Defendants willfully and intentionally refused to pay Plaintiff and those similarly situated employees overtime pay for all of those hours worked in excess of forty (40) in a workweek.

34. At all times relevant, LAYTON and those similarly situated employees regularly worked in excess of forty (40) hours in each workweek.

35. Plaintiff and those similarly situated were entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per week.

36. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

37. Defendants did not compensate Plaintiff or those similarly situated employees for overtime hours worked.

38. Plaintiff, LAYTON and those similarly situated employees were paid an hourly rate of $13.04 per hour.

39. Plaintiff, LAYTON and those similarly situated employees routinely worked in excess of forty (40) hours a week and only received her regular rate for the time worked.

40. Plaintiff, LAYTON and those similarly situated employees worked on average forty-five (45) hours per week.

41. Plaintiff, LAYTON and those similarly situated employees spent approximately one hour working off-the-clock, per day for the benefit of the Defendants.

42. Plaintiff, LAYTON, was ordered by her superiors to clock-out in a manner that caused her overtime hours to go unreported, causing her to work off-the-clock.

43. As a result of the off-the-clock work described above, Plaintiff and those similarly situated employees were not compensated at a rate equal to time-and-one-half their regular rate of pay for each hour worked in excess of 40 during each workweek.

44. Defendants either knew from prior experience or recklessly failed to investigate whether its failure to compensate Plaintiff and those similarly situated employees for all hours worked violated the Federal Wage Laws of the United States.

45. Defendants did not have a good faith basis for their decision not to pay Plaintiff and those similarly situated their full overtime compensation.

46. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff and those similarly situated time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff(s) have suffered damages plus incurring reasonable attorneys' fees and costs.

47. Plaintiff and those similarly situated are entitled to a back pay award at their overtime rate for all overtime hours worked off-the-clock, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

48. Because Defendants violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §201 *et seq*

**WHEREFORE** Plaintiff, LAUREN LAYTON, on behalf of herself and all other similarly situated, demands the entry of a judgment in her favor and against Defendants, PERCEPTA, LLC, and FORD MOTOR COMPANY after trial by jury and as follows:

a. That the Court declares that the FLSA requires Defendants to compensate Plaintiff from the overtime hours worked off-the-clock, which remains unpaid.

b. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings and provide notice of this lawsuit to those who are similarly situated;

c. That the named Plaintiff and all class members who opt-in recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

d. That Plaintiff and the class recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

e. That the Defendant be Ordered to make the Plaintiff and all class members who opt-in whole by providing appropriate overtime wages for all hours worked and any other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. The applicable interest on the monies owed;

g. For the named Plaintiff to receive an additional amount that the Court deems just and proper for her time spent as the lead Plaintiff; and,

h. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 31st day of January, 2018.

ARCADIER, BIGGIE AND WOOD, PLLC.

*/s/ Ethan B. Babb, Esquire*
Maurice Arcadier, Esquire
Florida Bar No. 0131180
Stephen Biggie, Esquire
Florida Bar No.: 0084035
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Ethan B. Babb, Esquire
Florida Bar No.: 0127488
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@wamalaw.com
Secondary Email: arcadier@wamalaw.com
Phone: (321) 953-5998
Fax: (321) 953-6075