# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAUREN LAYTON, TAHARRIA HAMILTON, DEBORAH ESTES and LISA DAVINO,**

        Plaintiffs,

v.                                Case No: 6:17-cv-1488-Orl-41DCI

**PERCEPTA, LLC,**

        Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **SECOND RENEWED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT TO ADD AND ADDITIONAL PARTY (Doc. 42)** |
| **FILED:** | **April 3, 2018** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

### Background

On January 31, 2018, Plaintiff, Lauren Layton, filed a Motion for Leave to File Amended Complaint to Add an Additional Party (the First Motion). Doc. 36. In the First Motion, Plaintiff sought to add Ford Motor Co. (Ford) as a defendant, and argued that Ford is a "joint employer and/or integrated enterprise with Defendant." *Id.* Plaintiff also argued, in a conclusory manner, that Ford is an indispensable party pursuant to Federal Rule of Civil Procedure 19(b). *Id.* Plaintiff attached her proposed amended complaint to the First Motion. Doc. 36-1. But Plaintiff did not

plead any facts in her proposed amended complaint to establish that Ford is a "joint employer and/or integrated enterprise with Defendant." Doc. 36-1. Rather, Plaintiff alleged, in conclusory fashion, that "Defendants, PERCEPTA and FORD, are a joint employer and/or integrated enterprise." *Id*. at 2.

On February 14, 2018, Defendant filed a response to the First Motion, arguing that the First Motion should be denied because the proposed amendment is futile. Doc. 38. Specifically, Defendant argued that Plaintiff failed to plead facts in the proposed amended complaint sufficient to "support a theory of joint employer, alter ego, or integrated enterprise theory liability." *Id*. at 2-4. Defendant argued that the amended complaint would, thus, necessarily fail. *Id*. Defendant further argued that the First Motion should be denied because of Plaintiff's undue delay in bringing the motion and because Defendant would be prejudiced should the Court allow Ford to be added as a defendant. *Id*. at 4-5. Defendant argued that Plaintiff was aware of Ford's alleged status as a joint employer for more than four months before Plaintiff filed the First Motion, and that allowing Ford to be added now would essentially restart the case, necessitating the entry of a new case management and scheduling order. *Id*.

On March 23, 2018, the undersigned entered an Order denying the First Motion. Doc. 39. In that Order, the undersigned found that the proposed amendment was futile, citing to the governing legal authority concerning pleading and the existence of a joint employment relationship and finding that Plaintiff's conclusory allegation in the proposed amended complaint was insufficient to satisfy the applicable pleading standards. *Id*.[1] Nevertheless, the undersigned granted Plaintiff leave to file a second motion to amend her complaint and, in so doing, address the issues the undersigned identified in the Order. *Id*.

---

[1] The undersigned disagreed with Defendant's arguments concerning timeliness and prejudice.

*The Second Motion*

On April 3, 2018, Plaintiff filed her Second Renewed Motion for Leave to File Amended Complaint to Add and Additional Party. Doc. 42 (the Second Motion). In the Second Motion, Plaintiff again argued that she should be allowed to file an amended complaint for the purpose of adding Ford as a party. *Id*. Plaintiff's argument is based solely upon the general assertion that, pursuant to Federal Rule of Civil Procedure 15(a) and cases interpreting that Rule, amendment should be granted liberally. *Id*. Plaintiff neither reasserted that Ford is an indispensable party, nor addressed the legal authority (cited by the undersigned in the previous Order) governing whether Ford is a joint employer and, relatedly, whether amendment is futile. *Id*. Instead, Plaintiff simply added six paragraphs to the proposed amended complaint (Doc. 42-1 at ¶¶ 15-20) and asserted in the Second Motion that she "alleges additional facts at paragraphs 15-20 regarding the joint employer and/or integrated enterprise relationship existing between" Defendant and Ford (Doc. 42 at 4). In those paragraphs, Plaintiff seeks to allege the following:

15. Defendant, FORD holds a membership interest in Defendant, PERCEPTA.

16. Employees of PERCEPTA's call center acted as a liaison between Defendant, FORD, and its franchise automobile dealerships.

17. LAYTON's work email-signature lists her as a Ford Motor Company customer service manager and included the logo of the Ford Motor Company.

18. The ending of Layton's work email address is "@ford.com".

19. PERCEPTA's customer operations manager, Randall Copeland's work email- signature listed him as Ford Motor Company employee and included the logo of the Ford Motor Motor [sic] Company. Randall Copeland supervises employees similarly situated to the Plaintiff.

> 20. PERCEPTA's supervisor Clinton Yates stated to employees of the call center that his orders came from Teena Warren of the Ford Motor Company.

Doc. 42-1 at ¶¶ 15-20.

In response to the Second Motion, Defendant asserted that Plaintiff's Second Motion and the proposed amended complaint suffer from the same deficiencies as the First Motion and the proposed amended complaint attached thereto. Doc. 43. In particular, Defendant cited to the governing legal authority concerning pleading (in general) and the existence of a joint employment relationship (specifically) and asserted that the Second Motion should be denied because the proposed amendment would be futile. *Id*.

### *Discussion*

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam). Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). As a result, a court must provide substantial justification if it denies a motion for leave to amend. *Laurie*, 256 F.3d at 1274. A court has substantial justification to deny a motion for leave to amend if it finds: 1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; 2) the amendment would cause undue prejudice to the opposing party; or 3) the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend is futile if the proposed amendment would not survive a motion to dismiss or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

Here, the undersigned finds that Plaintiffs' proposed amendment would not survive a motion to dismiss. In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Further, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

According to the Code of Federal Regulations, whether or not an employee's employment by multiple employers "is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case." 29 C.F.R. § 791.2(a). "Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek," a joint employment relationship will generally be found to exist in the following situations:

> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or

> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b) (footnotes omitted). In addition to the guidance provided by the Code of Federal Regulations, courts also look to the economic realities of the employment relationship at issue. *See Layton v. DHL Express, Inc.*, 686 F.3d 1172, 1175-1181 (11th Cir. 2012) (considering 29 C.F.R. § 791.2 and the multi-factor economic realities test in determining the existence of a joint employer relationship); *see also Gerondidakis v. BL Rest. Operations, LLC*, Case No. 8:12-cv-96-EAK-MAP, 2012 WL 2872849, at *6 (M.D. Fla. July 12, 2012) (same). In considering the economic realities of the employment relationship, the court will consider (1) the nature and degree of control of the workers; (2) the degree of supervision; (3) the power to determine pay rates or methods of payment; (4) the right to hire, fire, or modify employment conditions; (5) the preparation of payroll and the payment of wages; (6) the ownership of the facilities where the work occurred; (7) the performance of a specialty job integral to the business; and (8) the investment in equipment and facilities. *See Layton*, 686 F.3d at 1176.

Plaintiff failed in the Second Motion to address the concerns identified by the Court in its previous Order. Specifically, Plaintiff failed to address the governing legal authority concerning the existence of a joint employment relationship and, in doing so, failed to address the Court's concern that the proposed amendment would be futile. Instead, Plaintiff added six paragraphs of factual allegations to the proposed amended complaint. Those allegations, in sum, are that: Ford holds an unspecified membership interest in Defendant; Plaintiff's and others' email addresses and signature blocks indicate that they work for Ford as customer service representatives; and a

supervisor working for Defendant has stated that his orders come from a representative from Ford. Doc. 42-1 at ¶¶ 15-20.  But Plaintiff did nothing to explain how these facts satisfy the pleading standard as it relates to what Plaintiff is attempting to allege (i.e., a joint employment relationship), considering the applicable Code of Federal Regulations and multi-factor economic realities test utilized by the Court.  Indeed, Plaintiff made no allegations concerning: the power to determine pay rates or methods of payment; the right to hire, fire, or modify employment conditions; the preparation of payroll and the payment of wages; the ownership of the facilities where the work occurred; the performance of a specialty job integral to the business; or the investment in equipment and facilities.  *See Layton*, 686 F.3d at 1176.

Perhaps, it could be argued – although Plaintiff did not argue – that Plaintiff's proposed allegations provide some information concerning the nature and degree of control of the workers by Ford and the degree of supervision by Ford.  *See Layton*, 686 F.3d at 1176.  But the undersigned finds that the proposed allegations are simply insufficient.  According to the allegations in the Complaint, Plaintiff worked as a regional customer service manager at a customer call center operated by Defendant.  Doc. 1 at ¶¶ 8, 12.  At best, the allegations in the proposed amended complaint could be said to establish that Defendant – which operated a "customer call center" (Doc. 1 at ¶ 8) – represented Ford in interactions with Ford's customers.  In such a relationship, it would be no surprise that Defendant's employees would receive some direction from Ford and would use Ford's trademarks on emails and whilst interacting with customers and others.  Yet that is a far cry from pleading sufficiently that Ford and Defendant were joint employers under the applicable regulations and the multi-factor economic realities test utilized by the Court.  *See Layton*, 686 F.3d at 1175-1181; *see also Amponsah v. Directv, Inc.*, 2015 WL 11578544, at *2 (N.D. Ga. Aug. 12, 2015) (considering the multi-factor economic realities test set forth in *Layton*

in considering whether to allow amendment of a complaint to add a joint employer). In *Amponsah*, for example, the Court allowed amendment after considering the multi-factor economic realities test, but in that case the plaintiff alleged, among other things, that the proposed co-employers were responsible for supervising employees, implementing quality control measures, delivering and modifying schedules, and enforcing compliance with policies, all of which permitted an inference that the co-employers "had a substantial degree of control over the [employees], and were responsible for their direct supervision." 2015 WL 11578544, at *3. Further, the plaintiffs in that case also alleged that the proposed co-employers controlled the facilities where the employees received trainings and equipment, that the existing defendant was the sole or primary client of the proposed co-employers, and that the proposed co-employers indirectly controlled hiring and firing of the employees. *Id*. The proposed allegations in this case pale in comparison to those in *Amponsah*. And the fact that Plaintiff proposes to allege that Ford holds an unspecified membership interest in Defendant does nothing to change the undersigned's conclusion that, taking the proposed allegations as a whole, Plaintiff has failed to make sufficient allegations to survive a motion to dismiss, and that the proposed amendment is futile.

### *Conclusion*

Based on the allegations contained within the proposed amended complaint and the argument presented to the Court in the Second Motion, taking into consideration the opportunity already given to Plaintiff to re-assert her proposed amended complaint, and despite the liberal pleading standard set forth in Rule 15(a), the undersigned finds that Plaintiff should not be permitted to amend her Complaint to add Ford as a party. Accordingly, it is **RECOMMENDED** that Plaintiff's Second Motion (Doc. 42) be **DENIED**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 17, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy