UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAUREN LAYTON, TAHARRIA
HAMILTON, DEBORAH ESTES and
LISA DAVINO,

        Plaintiffs,

v.                               Case No: 6:17-cv-1488-Orl-41DCI

PERCEPTA, LLC,

        Defendant.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **OPPOSED MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND PERMISSION TO SEND COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. 45)** |
| **FILED:** | **May 25, 2018** |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |

### Background

On August 14, 2017, Plaintiff, Lauren Layton, filed a Complaint against Defendant alleging a cause of action for unpaid overtime wages pursuant to the Fair Labor Standards Act (the FLSA). Doc. 1. Plaintiff alleged that she and other "similarly situated employees regularly worked in excess of forty (40) hours in each workweek but [were] not paid . . . overtime." *Id*. at 2-3. Plaintiff further alleged that "[a]fter clocking out Plaintiff and those similarly situated employees

were caused to work off the clock and informed that they needed to do whatever was needed to get the job done including working off-the-clock." *Id*. at 4.  Plaintiff defined "similarly situated employees" as "other hourly-paid, current and former employees of Defendant who worked in excess of forty (40) hours in a workweek but were not compensated for the work performed." *Id*.

In December 2017, Plaintiff filed notices of consent on behalf of Taharria Hamilton, Deborah M. Estes, and Lisa Davino (the Opt-in Plaintiffs).  Docs. 23; 24; 25.  In the notices of consent, the Opt-in Plaintiffs alleged that they "did not receive any overtime compensation in weeks which [they] worked more than forty hours." *Id*.

On January 23, 2018, the Court entered a Case Management and Scheduling Order (the CMSO).  Doc. 32.  Therein, the Court set the deadline to add parties or to amend pleadings to March 12, 2018.  *Id*. at 1.

On May 25, 2018, more than two months after the deadline to add parties or to amend pleadings had passed and approximately four months since the start of discovery, Plaintiff filed a motion to conditionally certify a collective action (the Motion).  Doc. 45.  In support thereof, Plaintiff attached an unsworn declaration that fails to comply with 28 U.S.C. § 1746.  Doc. 45-1.  Therein, Plaintiff alleged that "Defendant[] required [her] and other similarly situated employees to work approximately 1 hour per day off the clock" and "informed [her] and other similarly situated employee[s] that [they] needed to do whatever was needed to get the job done including working off-the-clock."  *Id*.  Plaintiff then alleged in conclusory fashion that she knows that other employees had similar duties and were subject to the same pay practices and procedures, and that other employees wish to join the collective action if they are provided with notice of their rights to opt-in.  *Id*.  Plaintiff did not attach any affidavits or declarations from the Opt-in Plaintiffs or any of the putative class members.  *See* Doc. 45.

On June 25, 2018, Defendant filed a response to the Motion. Doc. 50. Defendant argued, in part, that Plaintiff failed to identify any decision, policy, or plan that required Plaintiff or any putative class member to work off-the-clock and that Plaintiff's allegations were conclusory and lacked sufficient detail. *Id*. Defendant also attached declarations from seventeen employees averring that they have never been asked to work off-the-clock and have been paid for all hours worked. Doc. 50-2. In addition, these employees provided detailed information regarding their daily routines, how their time is tracked, and the identity of their supervisors. *Id*.

**Discussion**

"The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). The Eleventh Circuit has sanctioned a two-stage approach for determining whether to certify an FLSA collective action pursuant to section 216(b). *Id*. at 1260. The first stage is the "notice" or "conditional certification" stage, where the court must determine whether notice of the action should be given to potential class members. *Id*. at 1260-61. "At [this] stage, a court must determine whether: (1) there are other employees who desire to opt in to the action; and (2) the employees who desire to opt in are 'similarly situated.'" *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-cv-470-T-27TBM, 2012 WL 6196035, at *3 (M.D. Fla. Dec. 12, 2012) (citing *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)). The plaintiff bears the burden of demonstrating a reasonable basis for a claim of classwide discrimination. *See, e.g.*, *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)). The plaintiff's burden is not a heavy one. *See id*.

In this case, Plaintiff seeks conditional certification of her putative collective action and, thus, is at the first stage. Although Plaintiff's burden at the first stage is not a heavy one, it must

be met.[1]  *Hart*, 2012 WL 6196035, at *4.  Plaintiff may meet her burden by making "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."  *Hipp*, 252 F.3d at 1219; *see also Hart*, 2012 WL 6196035, at *4 ("Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees.") (citation omitted).  Conclusory allegations and unsupported expectations are insufficient to satisfy Plaintiff's burden.  *See Hart*, 2012 WL 6196035, at *4 (citations omitted).

Here, Plaintiff failed to attach any affidavits in support of her Motion.  Although Plaintiff did attach a declaration in support of her Motion, that declaration was unsworn and fails to comply with 28 U.S.C. § 1746, and, thus, is not entitled to any weight.  *See* 28 U.S.C. § 1746; *Payne v. River Rocks LLC*, No. 6:15-cv-1727-Orl-40DAB, 2016 WL 8669876, at *4 (M.D. Fla. Sept. 9, 2016) (citation omitted).  Defendant on the other hand attached seventeen declarations from its employees that comply with § 1746 and contain detailed averments rebutting Plaintiff's allegations.  Thus, the Court finds that Plaintiff failed to carry her burden.

Regardless, even if the Court were to consider Plaintiff's unsworn declaration, Plaintiff's vague and conclusory allegations fail to "successfully engage" Defendant's declarations to the contrary and are insufficient to satisfy Plaintiff's burden.  For instance, Plaintiff's declaration does not contain any detailed allegations regarding Plaintiff's job duties or the common policy, plan, or scheme that allegedly forms the basis of the alleged FLSA violations.[2]  *See Whineglass v. Smith*,

---

[1] The Court further notes that some courts have found that a plaintiff's burden becomes heavier as discovery is conducted.  *See Lewis-Gursky v. Citigroup, Inc.*, No. 8:15-cv-2887-T-24-MAP, 2017 WL 892604, at *4 (M.D. Fla. Mar. 6, 2017) (citing to multiple courts within the Eleventh Circuit).

[2] Plaintiff's allegation that employees were told that they "needed to do whatever was needed to get the job done including working off-the-clock" is too vague, standing alone, to establish a common policy, plan, or scheme to violate the FLSA.  Plaintiff provided no detailed allegations to

*O.D.*, No. 8:11-cv-2784-T-23TGW, 2012 WL 6163067, *4 (M.D. Fla. Nov. 14, 2012) ("Factors considered in determining whether the potential plaintiffs are similarly situated to the named plaintiff include (1) job duties and pay provisions and (2) whether they were subject to a common policy, plan, or scheme that forms the basis of the alleged FLSA violation."); *Hart*, 2012 WL 6196035, at *5 ("The key consideration is that to be similarly situated, there must be substantial allegations that potential members were together the victims of a single decision, policy, or plan.") (internal quotations omitted).  And Plaintiff's failure to provide affidavits from the Opt-in Plaintiffs or any other putative class members further confounds the Court's ability to determine whether the putative class members are similarly situated to Plaintiff, especially in the face of Defendant's detailed affidavits suggesting that there was no common policy, plan, or scheme to violate the FLSA.  For all of the foregoing reasons, the Court finds that Plaintiff has not demonstrated a reasonable basis for her claim.  Therefore, Plaintiff's Motion is due to be denied without prejudice with leave to file a renewed motion that addresses the foregoing issues.

In addition, some courts have found that a plaintiff's motion for conditional certification is untimely if it is filed after the deadline to add parties or amend pleadings, s*ee Quijano v. Tuffy Assocs. Corp.*, No. 2:13-cv-573-Ftm-38CM, 2014 WL 4182691, at *1 (M.D. Fla. Aug. 21, 2014) (citations omitted), and that conditional certification of a collective action may necessitate modification of the CMSO, *see Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149-Orl-37GJK,

---

suggest that this was a widespread practice that affected all 1,858 putative class members. *See* Doc. 50-1 (stating that there are approximately 1,858 putative class members based upon Plaintiff's proposed class).  Nor did Plaintiff provide the name of the supervisor that allegedly told her she was required to work off-the-clock.  Further, the fact that Plaintiff was paid for 346.44 hours of overtime during her employment with Defendant suggests that Defendant's alleged failure to pay Plaintiff overtime was not part of a common policy, plan, or scheme to violate the FLSA. *Id*.

2015 WL 4068388, *6 (M.D. Fla. July 2, 2015). Plaintiff shall address these issues should Plaintiff choose to file a renewed motion.

Finally, it appears from Defendant's response that the parties did not meet and confer regarding the Plaintiff's proposed notice to putative class members. Doc. 50 at 12. Should Plaintiff choose to file a renewed motion, the parties shall meet and confer regarding Plaintiff's proposed notice and Plaintiff shall include a certification as required by Local Rule 3.01(g).

### Conclusion

For the foregoing reasons, the Motion (Doc. 45) is **DENIED without prejudice**. **On or before August 3, 2018**, Plaintiff may file a renewed motion for conditional certification that addresses the issues discussed in this Order.

**DONE** and **ORDERED** in Orlando, Florida on July 20, 2018.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties