# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LAUREN LAYTON, TAHARRIA
HAMILTON, DEBORAH ESTES and
LISA DAVINO,

        Plaintiffs,

v.                                Case No:  6:17-cv-1488-Orl-41DCI

PERCEPTA, LLC,

        Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND PERMISSION TO SEND COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. 53)** |
| **FILED:** | **August 3, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

### Background

On August 14, 2017, Plaintiff, Lauren Layton, filed a Complaint against Defendant alleging a cause of action for unpaid overtime wages pursuant to the Fair Labor Standards Act (the FLSA). Doc. 1. Plaintiff alleged that she and other "similarly situated employees regularly worked in excess of forty (40) hours in each workweek but [were] not paid . . . overtime." *Id*. at 2-3. Plaintiff further alleged that "[a]fter clocking out Plaintiff and those similarly situated employees

were caused to work off the clock and informed that they needed to do whatever was needed to get the job done including working off-the-clock." *Id.* at 4.  Plaintiff defined "similarly situated employees" as "other hourly-paid, current and former employees of Defendant who worked in excess of forty (40) hours in a workweek but were not compensated for the work performed." *Id.*

In December 2017, Plaintiff filed notices of consent on behalf of Taharria Hamilton, Deborah M. Estes, and Lisa Davino (the Opt-in Plaintiffs).  Docs. 23; 24; 25.  In the notices of consent, the Opt-in Plaintiffs alleged that they "did not receive any overtime compensation in weeks which [they] worked more than forty hours." *Id.*

On January 23, 2018, the Court entered a Case Management and Scheduling Order (the CMSO).  Doc. 32.  Therein, the Court set the deadline to add parties or amend pleadings to March 12, 2018.  *Id.* at 1.

On May 25, 2018, more than two months after the deadline to add parties or amend pleadings had passed and approximately four months since the start of discovery, Plaintiff filed a motion to conditionally certify a collective action.  Doc. 45.  In support thereof, Plaintiff attached an unsworn declaration that failed to comply with 28 U.S.C. § 1746.  Doc. 45-1.  Therein, Plaintiff made vague, conclusory allegations that Defendant required her and other employees to work off-the-clock and that other employees would wish to join the collective action if they were provided with notice of their rights to opt-in.  Plaintiff did not attach any affidavits or declarations from the Opt-in Plaintiffs or any of the putative class members.  *See* Doc. 45.

On July 20, 2018, the Court entered an order denying Plaintiff's motion to conditionally certify a collective action, in part, because Plaintiff's vague and conclusory allegations failed to demonstrate a reasonable basis for a claim of class-wide discrimination.  Doc. 52.  The Court further advised Plaintiff that some courts have found that a plaintiff's motion for conditional

certification is untimely if it is filed after the deadline to add parties or amend pleadings, and directed Plaintiff to address the issue of timeliness should Plaintiff choose to file a renewed motion. *Id*.

On August 3, 2018, Plaintiff filed a renewed motion to conditionally certify a collective action (the Renewed Motion). Doc. 53. Therein, Plaintiff alleged that the representative class consists of call center employees who were compelled to work off-the-clock pursuant to Defendant's "common practice and procedure of requiring employees to engage in off-the-clock work." *Id*. at 1-2. Plaintiff then alleged, in conclusory fashion, that "common questions of law and fact predominate over any questions affecting only the Plaintiffs, and a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the employees herein described and the named Defendant." *Id*. at 2.

Plaintiff attached four declarations (Plaintiff's Declarations) in support of the Renewed Motion: one executed by Plaintiff, one executed by Opt-in Plaintiff Deborah M. Estes, one executed by Opt-in Plaintiff Taharria Hamilton, and one executed by non-party Alice Cortes (the Declarants). Docs. 53-1, 53-2, 53-3. Plaintiff, Ms. Estes, and Ms. Hamilton each alleged that their supervisor, Clinton Yates, required them to work off-the-clock until their work was done. *See* Docs. 53-1 at 1-2; 53-2 at 2, 4-5. Plaintiff, Ms. Hamilton, and Ms. Cortes alleged that it was a common practice and procedure that Defendant's call center employees were required to work off-the-clock if they received a call just before the end of their shift. *See* Docs. 53-1 at 2; 53-2 at 5; 53-3 at 1. All of the Declarants, with the exception of Ms. Cortes, alleged, in conclusory fashion, that they know that other employees had similar duties and were subject to the same pay practices and procedures, and that other employees will wish to join the collective action if they are provided with notice of their rights to opt-in. Docs. 53-1 at ; 53-2 at 2, 5. Ms. Cortes alleged only that she

knows "of employees and former employees who would like to be properly compensated for their off the clock work." Doc. 53-3 at 2.

On August 17, 2018, Defendant filed a response to the Renewed Motion. Doc. 54. Defendant argued, in part, that Plaintiff failed to demonstrate that others desire to join this action, failed to identify any decision, policy, or plan that required Plaintiff or any putative class member to work off-the-clock, and failed to timely move for conditional certification of a collective action. *Id.* In support, Defendant provided the Court with declarations from seventeen employees (Defendant's Declarations) averring that they have never been asked to work off-the-clock and have been paid for all hours worked. Doc. 50-2. In addition, these employees provided detailed information regarding their daily routines, how their time is tracked, and the identity of their supervisors. *Id.*

### **Legal Standard**

"The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). "Certification of collective actions in FLSA cases is based on a theory of judicial economy, by which '[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.'" *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-cv-470-T-27TBM, 2012 WL 6196035, at *3 (M.D. Fla. Dec. 12, 2012) (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)) (alterations in original). "The decision to conditionally certify a collective FLSA action lies within the sound discretion of the district court." *Id.* (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)).

The Eleventh Circuit has sanctioned a two-stage approach for determining whether to certify an FLSA collective action pursuant to section 216(b).[1]  *Morgan*, 551 F.3d at 1260.  The first stage is the "notice" or "conditional certification" stage, where the court must determine whether notice of the action should be given to potential class members.  *Id*. at 1260-61.  "At [this] stage, a court must determine whether: (1) there are other employees who desire to opt in to the action; and (2) the employees who desire to opt in are 'similarly situated.'"  *Hart*, 2012 WL 6196035, at *3 (citing *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)).  The plaintiff bears the burden of demonstrating a reasonable basis for a claim of class-wide discrimination.  *See, e.g.*, *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)).  The plaintiff's burden is not a heavy one, but it must be met.[2]  *See, e.g.*, *id.*; *Hart*, 2012 WL 6196035, at *4.

Plaintiff may meet her burden by making "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."  *Hipp*, 252 F.3d at 1219; *see also Hart*, 2012 WL 6196035, at *4 ("Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees.") (citation

---

[1] Although district courts have generally utilized this two-stage approach, "'[n]othing in the [the 11th] circuit precedent ... requires district courts to utilize this approach.  The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court.'"  *Carruthers v. Keiser School, Inc.*, No. 8:09-cv-2641-T-33TGW, 2010 WL 5055876, at *1 (M.D. Fla. 2010) (quoting *Hipp*, 252 F.3d at 1219) (alterations in original).

[2] The undersigned further notes that some courts have found that a plaintiff's burden becomes heavier as discovery is conducted.  *See Lewis-Gursky v. Citigroup, Inc.*, No. 8:15-cv-2887-T-24-MAP, 2017 WL 892604, at *4 (M.D. Fla. Mar. 6, 2017) (citing to multiple courts within the Eleventh Circuit).

omitted). Conclusory allegations and unsupported expectations are insufficient to satisfy Plaintiff's burden. *See Hart*, 2012 WL 6196035, at *4 (citation omitted).

**Discussion**

Plaintiff failed to carry her burden of demonstrating a reasonable basis for a claim of class-wide discrimination. First, Plaintiff failed to carry her burden of demonstrating that there are other putative class members who desire to opt-in to this action. Plaintiff seeks to send notices to a putative class of approximately 1,858 people yet has only produced evidence of three people that wish to join this action – Taharria Hamilton, Deborah M. Estes, and Lisa Davino. *See* Doc. 50-1 (stating that there are approximately 1,858 putative class members based upon Plaintiff's proposed class). The remainder of Plaintiff's "evidence" is nothing more than conclusory allegations contained in declarations. But those conclusory allegations and unsupported expectations are insufficient to carry Plaintiff's burden, *see Hart*, 2012 WL 6196035, at *4 ("Accordingly, 'federal courts across the Middle and Southern Districts of Florida have routinely denied requests for conditional certification where plaintiffs attempt to certify a broad class based on the conclusory allegations of a few employees.'") (citation omitted), especially when viewed in light of Defendant's seventeen declarations stating that there was no policy of requiring employees to work off-the-clock and that other employees do not wish to join Plaintiff's action. Thus, the undersigned finds that the evidence proffered by Plaintiff is not sufficient to justify a putative class of approximately 1,858 people and to successfully engage Defendant's Declarations to the contrary.[3]

---

[3] In addition, the undersigned notes that Plaintiff, Ms. Estes, and Ms. Hamilton each alleged that the supervisor who compelled them to work off-the-clock was Clinton Yates. Docs. 53-1 at 1-2; 53-2 at 1-2, 4-5. Therefore, the only "evidence" Plaintiff provided to suggest that employees in the broader putative class who were not supervised by Clinton Yates wish to join this action was conclusory allegations in Plaintiff's Declarations, which, as previously discussed, is insufficient to carry Plaintiff's burden. *See Hart*, 2012 WL 6196035, at *4. The undersigned notes that Ms. Davino did not provide a declaration, and, thus, the Court cannot determine whether or not Mr.

*See, e.g.*, *id.* at 4 (finding that the plaintiff had not demonstrated a reasonable basis for crediting his assertions that other employees wished to opt-in to the action given the minimal number of potential op-in plaintiffs identified by the plaintiff, the size of the putative class, and the number of contrary declarations submitted by the defendant).

Second, Plaintiff failed to carry her burden of demonstrating that the employees who allegedly desire to opt-in were similarly situated. Plaintiff's Declarations do not contain any detailed allegations regarding the common policy, plan, or scheme that allegedly forms the basis of the alleged FLSA violations. *See Whineglass v. Smith, O.D.*, No. 8:11-cv-2784-T-23TGW, 2012 WL 6163067, *4 (M.D. Fla. Nov. 14, 2012) ("Factors considered in determining whether the potential plaintiffs are similarly situated to the named plaintiff include (1) job duties and pay provisions and (2) whether they were subject to a common policy, plan, or scheme that forms the basis of the alleged FLSA violation."); *Hart*, 2012 WL 6196035, at *5 ("The key consideration is that to be similarly situated, there must be substantial allegations that potential members were together the victims of a single decision, policy, or plan.") (internal quotations omitted). Instead, Plaintiff's Declarations seem to merely allege, generally, that it was Defendant's policy to require employees to work off-the-clock. Docs. 53-1; 53-2. But such a "bare-bones allegation without more is insufficient." *Carruthers v. Keiser Sch., Inc.*, No. 8:09-cv-2641-T-33TGW, 2010 WL 5055876, at *2 (M.D. Fla. Dec. 3, 2010) ("To conclude that an employee may establish the 'similarly situated' requirement simply by claiming violations of the law by the same employer, would be to conclude that any time employees alleged unpaid overtime due from the same

---

Yates also supervised Ms. Davino. The undersigned further notes that Defendant provided the Court with declarations from two employees who worked for Mr. Yates and who averred that they never had any issues getting paid for their time. *See* Doc. 50-2 at 25, 29-31.

employer, such employees would be 'similarly situated.'") (internal quotations and citation omitted).

The only specific allegation regarding Defendant's alleged policy of requiring employees to work off-the-clock appears to be that employees were required to work off-the-clock if they received a call just before the end of their shift. Docs. 53-1 at 2; 53-2 at 5. But such a policy, to the extent it existed, would result in sporadic occurrences of off-the-clock work and would not allow Plaintiff's claims to be proven through collective proof. Rather, each employee would require an individualized inquiry to determine whether the employee was compelled to work off-the-clock, and, if so, to determine how much time the employee spent working off the clock.[4] "These individualized inquiries make the certification of a collective action in this proceeding unwarranted." *Hart*, 2012 WL 6196035, at *5 (citations omitted); *see also West v. Verizon Commc'ns, Inc.*, No. 8:08-cv-1325-T-33MAP, 2009 WL 2957963, *7 (M.D. Fla. Sept. 10, 2009) (noting that no collective proof could be offered for the number of hours worked by the employees due to the variability in the individual employees day-to-day activities, and noting that a collective action was not appropriate because the "need for individualized inquir[i]es would contravene the basic theory of judicial economy upon which the certification of collective actions is based.") (internal quotations omitted).

In addition, despite seeking to provide notice to a putative class of more than 1,858 members, Plaintiff provided no evidence, aside from conclusory allegations, to suggest that the

---

[4] The necessity for an individualized inquiry is further demonstrated by the seemingly undisputed assertion that Plaintiff was paid for 346.44 hours of overtime during her employment with Defendant, which suggests that Defendant's alleged failure to pay Plaintiff overtime was not part of a common policy, plan, or scheme to violate the FLSA that is capable of determination through collective proof. *See* Doc. 50-1.

alleged policy extended to employees beyond those being supervised by Clinton Yates.[5] Thus, Plaintiff has provided no evidence that this alleged policy was actually a common policy, plan, or scheme that applied to the putative class as a whole.

Moreover, Defendant provided numerous declarations that not only dispute Plaintiff's claim that employees were subject to a common policy, plan or scheme, but that also call into question the premise of Plaintiff's allegation that the Declarants were being compelled to work off-the-clock if they received a call just before the end of their shift.[6] Further, the vague and conclusory allegations in Plaintiff's Declarations regarding Defendant's alleged policy fail to "successfully engage" Defendant's Declarations to the contrary and are insufficient to satisfy Plaintiff's burden. *See Hipp*, 252 F.3d at 1219 (noting that the plaintiff may meet her burden by making "*detailed* allegations supported by affidavits which *successfully engage* defendants' affidavits to the contrary.") (emphasis added). In fact, Plaintiff's Declarations do not even attempt to address the manner in which employees' time is tracked despite having had an opportunity to review Defendant's Declarations prior to filing the Renewed Motion.

Finally, the undersigned finds that the Renewed Motion is due to be denied as untimely. *See Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1279 (11th Cir. 2018) (noting that a district court does not generally abuse its discretion by refusing to accept an untimely motion

---

[5] The undersigned notes that Plaintiff's, Ms. Estes's, and Ms. Hamilton's declarations each indicate that their supervisor was Clinton Yates. Docs. 53-1 at 1-2; 53-2 at 1-2, 4. The undersigned further notes that although Ms. Estes alleged that Mr. Yates was instructed to deny overtime by Teena Warren of the Ford Motor Company, there is nothing besides conclusory allegations to suggest that the practice of compelling employees to work off-the-clock extended beyond Mr. Yates. Doc. 53-2 at 2.

[6] Defendant's Declarations explain that the computer system used to handle calls automatically logs employees into the timekeeping system and that employees are unable to take calls if they are not logged into the computer system. *See, e.g.*, Doc. 50-2 at 2, 5, 8-9, 11-12, 22, 30, 38.

for conditional certification in an FLSA collective action). Some district courts have found that a plaintiff's motion for conditional certification is untimely if it is filed after the deadline to add parties or amend pleadings. *See Quijano v. Tuffy Assocs. Corp.*, No. 2:13-cv-573-Ftm-38CM, 2014 WL 4182691, at *1 (M.D. Fla. Aug. 21, 2014) (finding that the time for conditional certification had passed where plaintiffs failed to move for conditional certification prior to the deadline to add parties or amend pleadings) (citing *Gallender v. Empire Fire & Marine Ins. Co.*, 2007 WL 325792, at *2 (S.D. Miss. Jan. 31, 2007) ("Since the deadline for filing a motion for joinder has passed, so too has the plaintiff's ability to file for certification of a collective action.")). Relying upon that authority, the undersigned is persuaded that a motion for conditional certification must be filed on or before the Court's deadline to add parties or amend pleadings.

Here, Plaintiff did not file her initial motion to conditionally certify a collective action until more than two months after the deadline to add parties or amend pleadings, and more than nine months after filing this action. Plaintiff's only justification for failing to move to conditionally certify a collective action prior to the deadline to add parties or amend pleadings is that Plaintiff purposefully delayed filing the motion until after the Court had ruled on Plaintiff's other motion for leave to file an amended complaint to add an additional party. Doc. 53 at 7-9. But this is not a valid justification for failing to file the motion at issue, nor is it justification for failing to simply seek the Court's leave to file the motion on a certain date. Indeed, if Plaintiff felt it was necessary to delay filing a motion to conditionally certify a collective action until after the Court ruled on Plaintiff's motion to add an additional party, then Plaintiff could have moved for an extension of time. Plaintiff did not do so. And, despite being given an explicit opportunity (*see* Doc. 52 at 5-6), Plaintiff failed to provide any legal argument or authority to suggest that that the Court should

deem timely a motion for conditional certification filed after the deadline to add parties or amend pleadings.

### Conclusion

For the foregoing reasons, it is respectfully recommended that the Renewed Motion (Doc. 53) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 21, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy