**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| LAUREN LAYTON, *and all others similarly situated,*<br>Plaintiff(s),<br><br>v.<br><br>PERCEPTA, LLC a Delaware Limited Liability Company,<br><br>Defendant. | Case No. 6:17-cv-01488-CEM-DCI<br><br>Judge Carlos E. Mendoza<br><br>Magistrate Judge Daniel C. Irick |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

Plaintiffs Lauren Layton ("Layton"), Taharria Hamilton ("Hamilton"), Deborah Estes ("Estes"), and Lisa Davino ("Davino"), and Percepta, LLC ("Defendant" or "Percepta") (collectively, the "Parties"), through their undersigned counsel, jointly move that the Court: (1) approve the terms of the settlement they have agreed to following mediation and subsequent settlement negotiations; (2) dismiss this case with prejudice; and (3) retain jurisdiction to enforce the terms of the Parties' settlement. In support of this motion, the Parties state as follows:

**BACKGROUND**

On or about August 14, 2017, Layton filed a putative collective action complaint against Percepta, LLC, alleging violations of the Fair Labor Standards Act ("FLSA") ("Complaint"). (Dkt. 1.) Plaintiffs Hamilton, Estes, and Davino opted-in to the collective action. (Dkt. 23, 24, 25.) Plaintiffs allege that they worked in excess of forty (40) hours

per workweek without receiving overtime compensation for all such hours. In short, Plaintiffs claim that they sometimes worked "off the clock" to avoid recording unapproved overtime hours.

Defendant vehemently denies all allegations made by Plaintiffs regarding the alleged violations of the FLSA and its overtime compensation provisions. It is Defendant's position that Plaintiffs were properly compensated for all hours worked, including any hours in excess of forty (40) hours per workweek. Indeed, Plaintiffs were each paid for hundreds of overtime hours that they recorded during their employment. Accordingly, the Parties agree that the instant action involves the disputed issue as to whether the Defendant violated the FLSA's overtime compensation provisions.

On July 20, 2018, the Court denied Plaintiff's motion for conditional certification. (Dkt. 52.) So the Parties proceeded to litigate the claims of the four Plaintiffs.

Before the discovery deadline of November 23, 2018, the Parties completed written discovery and exchanged documents. Defendant took the depositions of each of the Plaintiffs; Plaintiffs took three fact witness depositions and a corporate representative deposition.

On November 27, 2018, the Parties attended mediation before John M. Finnigan. Though the Parties did not settle at mediation, they continued to discuss settlement. The week following the mediation, the Parties agreed to compromise and settle Plaintiffs' FLSA claims. Attached as Exhibit A is the Settlement Agreement and Release ("Agreement") entered into by the parties. The Parties have agreed to settle the case for $50,000 total. Layton will be paid $7,500; Estes will be paid $7,000; Hamilton will be

paid $5,000; and Davino will be paid $1,000. The remaining amount will be allocated for attorneys' fees and costs.

The Agreement does not include a general release, a confidentiality provision, or a non-disparagement provision.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that an employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Id.* at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The terms of the Parties' settlement plainly comply with the spirit of *Lynn's Food Stores, Inc.*

In deciding whether an FLSA is fair and reasonable under *Lynn's Foods*, Florida district courts consider the following nonexclusive factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity, expense and expected duration of the litigation; (iii) the stage of the proceedings and amount of discovery completed; (iv) the probability of plaintiff's success; (v) the range of possible recovery; and (vi) the opinions of counsel. *See, e.g.*, *Roman v. FSC Clearwater, LLC*, No: 6:16-cv-969, 2017 U.S. Dist. LEXIS 66536, at *3 (M.D. Fla. Apr. 21, 2017) (Irick, M.J.), *report and recommendation adopted by*, No: 6:16-cv-969, 2017 U.S. Dist. LEXIS 65957 (M.D. Fla. May 1, 2017). When an

FLSA settlement "reflects a reasonable compromise of [ ] FLSA claims that are actually in dispute," the court may approve the settlement. *Id.* In reviewing FLSA settlements, courts recognize that "[t]here is a strong presumption in favor of settlement." *Id.*

Further, generally, "courts in this district have agreed":

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claim; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Davis v. Staramba Corp.*, No. 8:15-cv-1936, 2016 U.S. Dist. LEXIS 62347, at *4-5 (M.D. Fla. Apr. 19, 2016) (citing cases), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 62348 (M.D. Fla. May 11, 2016).

Here, the Parties negotiated satisfactory settlement terms through counsel that reflect a reasonable compromise of the disputed issues. The undersigned counsel, who are experienced in wage and hour matters, view the terms agreed upon as a good outcome for the Parties. The Parties assessed their respective positions and consulted with their counsel before reaching agreement upon the terms of the settlement. Moreover, the amount of attorneys' fees and costs that Percepta will pay on behalf of Plaintiffs was negotiated separately and without regard to the amount paid to the Plaintiffs. Ultimately, the Parties decided that it is in their respective best interests to resolve this matter through settlement rather than continue with protracted and costly litigation.

Based upon the above, the settlement reached in this matter reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Davis*, 2016 U.S. Dist. LEXIS 62347, at *4 (internal quotation marks omitted) (quoting *DeGraff v. SMA Behavioral Health Servs, Inc.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013)). The Parties respectfully submit that their settlement should be approved.

## CONCLUSION

In light of the contested issues presented in this case and the potentially protracted and uncertain litigation that lies ahead, the settlement terms represent a fair and equitable resolution of this matter. The Parties therefore respectfully request that the Court enter an order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and (4) granting such further relief as the Court deems just.

Dated: January 10, 2019

| | |
|---|---|
| Law Offices of Arcadier, Biggie & Wood | BAKER & MCKENZIE LLP |
| By: */s/ Ethan B. Babb (w/ permission)*<br>    Ethan B. Babb<br>    Attorney for Plaintiffs | By: */s/ Arthur J. Rooney*<br>    Arthur J. Rooney<br>    Attorney for Defendant PERCEPTA, LLC |
| Ethan B. Babb<br>Florida Bar No.: 0127488<br>babb@wamalaw.co*m*<br>Arcadier, Biggie and Wood, PLLC.<br>2815 W. New Haven, Suite 304<br>Melbourne, FL 32904<br>Tel.: (321) 953-5998<br>Fax: (321) 953-6075 | Arthur J. Rooney<br>*Admitted Pro Hac Vice*<br>arthur.rooney@bakermckenzie.com<br>Baker & McKenzie LLP<br>300 E. Randolph Street, Suite 5000<br>Chicago, Illinois 60601<br>Telephone: 312-861-8000<br>Facsimile: 312-861-2899 |
| Attorneys for Plaintiffs | Attorneys for Percepta, LLC |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 10, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and was served on all parties of record.

By: */s/ Arthur J. Rooney*
Arthur J. Rooney