# Exhibit A

## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement Agreement and Release ("Agreement") is made and entered into by and between Lauren Layton ("Layton"), Taharria Hamilton ("Hamilton"), Deborah Estes ("Estes"), and Lisa Davino ("Davino") (collectively, "Plaintiffs"), on the one hand, and Percepta, LLC ("Defendant") (collectively, with Plaintiffs "the Parties"), on the other hand, effective on this 19th day of December, 2018:

### RECITALS

WHEREAS, Plaintiffs are former employees of Defendant;

WHEREAS, Layton, through her counsel, filed a Complaint against Defendant in the United States District Court for the Middle District of Florida, Case No. 6:17-cv-1488-Orl-CEM-DCI, asserting a cause of action under the Fair Labor Standards Act ("FLSA") against Defendant (the "FLSA Lawsuit");

WHEREAS, Defendant has denied, and continues to deny, all allegations of wrongdoing alleged in the FLSA Lawsuit; and

WHEREAS, the Parties have agreed to resolve amicably any and all disputes between them regarding Plaintiffs' compensation during their employment with Defendant, and all claims by Plaintiffs regarding their compensation that were, or could have been, raised in the FLSA Lawsuit.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, the Parties hereto agree as follows:

1. **Release and Discharge of FLSA Claims by Plaintiffs.** Plaintiffs, on behalf of themselves, their heirs, executors, administrators, and/or assigns, do hereby **RELEASE AND FOREVER DISCHARGE** Defendant, its parent corporations, and any affiliates, divisions or subsidiaries thereof, as well as any merged entity or merged entities and/or its or their present and former officers, partners, directors, employees, agents, shareholders and/or successors, assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof (herein referred to as "RELEASEES"), of and from any and all known or unknown wage and hour and wage/pay-related claims, demands, actions or causes of action arising or accruing on or before the date of Plaintiffs' execution of this Agreement, including those brought or which could have been brought under the FLSA in the FLSA Lawsuit or under any other federal, state, or local laws or ordinances, or common law, and any and all claims for wages, overtime pay, minimum wages, commissions, liquidated damages, penalties, interest, attorneys' fees, expenses and costs ("Released Claims").

2. **Dismissal of FLSA Lawsuit and Motion for Approval.** In exchange for the consideration set forth herein, Plaintiffs: (i) stipulate unconditionally to dismiss with prejudice their claims against Defendant as asserted in the FLSA Lawsuit, with all Parties to bear their own

1

costs and fees, other than as provided herein; (ii) agree to take any actions necessary to have this settlement approved by the Court, including by submitting a Motion for Approval with regard to the FLSA claims released, and executing any other documents required by the Court; (iii) waive and release any right to initiate or join in any civil action (as a named plaintiff or opt-in) against the RELEASEES for any Released Claims accruing and/or arising prior to the execution of this Agreement. Plaintiffs represent that other than the FLSA Lawsuit, they do not have any other lawsuits, claims, or charges pending against any of the RELEASEES. This Agreement is expressly conditioned and contingent on the dismissal with prejudice of the FLSA Lawsuit in its entirety. Plaintiffs also represent that with the receipt of the consideration set forth in this Agreement, they have been fully compensated for any and all claims against Defendant under the FLSA.

3. **Payments by Defendant to Plaintiffs.** In consideration for the undertakings of Plaintiffs under this Agreement and their agreement to be legally bound by its terms, Defendant agrees to pay Plaintiffs the total sum of $50,000 apportioned as follows:

- A check made payable to Lauren Layton in the amount of $3,750.00, which shall be attributable to alleged lost wages and will be subject to deductions for state and federal withholding taxes, social security and other employee taxes and payroll deductions. Layton providing Defendant with a completed IRS W-4 form is a condition precedent for this payment. Defendant will issue Layton an IRS Form W-2 reflecting this payment at the appropriate time.

- A check made payable to Lauren Layton in the amount of $3,750.00, which shall be attributable to penalties and liquidated damages as claimed by Layton. Layton providing Defendant with a completed IRS W-9 form is a condition precedent for this payment. Defendant will issue Layton a Form 1099 reflecting this payment at the appropriate time.

- A check made payable to Taharria Hamilton in the amount of $2,500.00, which shall be attributable to alleged lost wages and will be subject to deductions for state and federal withholding taxes, social security and other employee taxes and payroll deductions. Hamilton providing Defendant with a completed IRS W-4 form is a condition precedent for this payment. Defendant will issue Hamilton an IRS Form W-2 reflecting this payment at the appropriate time.

- A check made payable to Taharria Hamilton in the amount of $2,500.00, which shall be attributable to penalties and liquidated damages as claimed by Hamilton. Hamilton providing Defendant with a completed IRS W-9 form is a condition precedent for this payment. Defendant will issue Hamilton a Form 1099 reflecting this payment at the appropriate time.

- A check made payable to Deborah Estes in the amount of $3,500.00, which shall be attributable to alleged lost wages and will be subject to deductions for state and federal withholding taxes, social security and other employee taxes and payroll deductions. Estes providing Defendant with a completed IRS W-4 form is a condition precedent for this payment. Defendant will issue Estes an IRS Form W-

2 reflecting this payment at the appropriate time.

- A check made payable to Deborah Estes in the amount of $3,500.00, which shall be attributable to penalties and liquidated damages as claimed by Estes. Estes providing Defendant with a completed IRS W-9 form is a condition precedent for this payment. Defendant will issue Estes a Form 1099 reflecting this payment at the appropriate time.

- A check made payable to Lisa Davino in the amount of $500.00, which shall be attributable to alleged lost wages and will be subject to deductions for state and federal withholding taxes, social security and other employee taxes and payroll deductions. Davino providing Defendant with a completed IRS W-4 form is a condition precedent for this payment. Defendant will issue Davino an IRS Form W-2 reflecting this payment at the appropriate time.

- A check made payable to Lisa Davino in the amount of $500.00, which shall be attributable to penalties and liquidated damages as claimed by Davino. Davino providing Defendant with a completed IRS W-9 form is a condition precedent for this payment. Defendant will issue Davino a Form 1099 reflecting this payment at the appropriate time.

- A check made payable to Plaintiffs' counsel, Arcadier, Biggie & Wood PLLC., in the amount of $29,500.00 for attorneys' fees and costs. Arcadier, Biggie & Wood, PLLC. providing Defendant with a completed IRS W-9 form is a condition precedent for this payment. Defendant will issue Arcadier, Biggie & Wood, PLLC., Form 1099s reflecting this payment at the appropriate time.

Defendant will deliver the payments to Plaintiff's counsel within twenty-one (21) days after the later of: (1) the Court's approval of the settlement and dismissal of the FLSA Lawsuit with prejudice; (2) the full execution of this Agreement by the Parties; or (3) receipt by Defendant of any tax forms signed by Plaintiffs and their counsel needed by Defendant to process the payments.

4. **Taxes.** Plaintiffs and their counsel accept responsibility for the payment of any and all of their share of income, employment, or other taxes related to the payments made to them. If any governmental taxing authority or court of competent jurisdiction ultimately determines that these payments were improperly classified, Plaintiffs and their counsel agree that they shall be solely liable for the payment of any tax, tax deficiency, penalty, and/or interest charged with respect to the payments made to each, respectively ("Tax Liability"), and will indemnify, defend and hold Defendant harmless with respect to the Tax Liability or any proceeding in which Tax Liability is sought. Plaintiffs have had the opportunity to obtain advice from a tax professional, and Defendant makes no representation as to the taxability of the consideration provided under this Agreement.

5. **No Other Amounts Due.** Plaintiffs acknowledge that Defendant has paid them all wages, salaries, bonuses, benefits and other amounts earned and accrued, less applicable

3

deductions, and that Defendant has no obligation to pay any additional amounts other than the payments described in Paragraph 3 of this Agreement.

6. **No Undisclosed Filings.** Plaintiffs warrant that they have not filed any undisclosed lawsuit or initiated or engaged in any adversarial proceedings against Defendant or the RELEASEES for any reason including based upon or related in any way to any act, omission or event occurring prior to Plaintiffs' execution of this Agreement.

7. **Medicare Disclaimer.** Plaintiffs represent that they are not a Medicare Beneficiary as of the time they enter into this Agreement.

8. **Reports to Government Entities.** Nothing in this Agreement, including the Confidentiality or Release of Claims clauses, restricts or prohibits Plaintiffs from initiating communications directly with, responding to any inquiries from, providing testimony before, providing confidential information to, reporting possible violations of law or regulation to, or from filing a claim or assisting with an investigation directly with a self-regulatory authority or a government agency or entity, including the U.S. Equal Employment Opportunity Commission ("EEOC"), the Department of Labor ("DOL"), the National Labor Relations Board ("NLRB"), the Department of Justice ("DOJ"), the Securities and Exchange Commission ("SEC"), the Congress, and any agency Inspector General (collectively, the "Regulators"), or from making other disclosures that are protected under the whistleblower provisions of state or federal law or regulation. However, Plaintiffs are waiving their right to receive any individual monetary relief resulting from such claims, regardless of whether Plaintiffs or another party has filed them, and in the event Plaintiffs obtain such monetary relief, Defendant will be entitled to an offset for the payments made pursuant to this Agreement, except where such limitations are prohibited as a matter of law (e.g., under the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A). Plaintiff does not need the prior authorization of Defendant to engage in such communications with the Regulators, respond to such inquiries from the Regulators, provide confidential information or documents to the Regulators, or make any such reports or disclosures to the Regulators. Plaintiffs are not required to notify the Company that they have engaged in such communications with the Regulators.

9. **Non-Admission of Liability.** This Agreement shall not in any way be construed as an admission by Defendant or RELEASEES that it or they have acted wrongfully with respect to Plaintiffs or any other person, and Defendant specifically disclaims any liability to or wrongful acts against Plaintiffs or any other person, on the part of itself or RELEASEES. Neither this Agreement nor its terms shall be construed to be, or shall be admissible in any proceeding as evidence of or an admission by Defendant of any violation of law, breach of duty, or any other wrongdoing by Defendant or RELEASEES.

10. **Successors and Assigns.** It is expressly understood and agreed by the Parties that this Agreement and all of its terms shall be binding upon each party's representatives, heirs, executors, administrators, successors and assigns.

11. **Drafting.** The Parties agree that this Agreement shall be construed without regard to the drafter of the same and shall be construed as though each party to this Agreement participated equally in the preparation and drafting of this Agreement.

12. **Execution of Additional Documents.** The Parties agree to execute such other, further, and different documents as reasonably may be required to effectuate this Agreement.

13. **Consultation with Counsel.** The Parties acknowledge and agree that this settlement over a legally and factually disputed claim was negotiated at "arms length" and with the advice, of counsel. The Parties and each of them acknowledge that they have had the opportunity to consult with legal counsel of their choice prior to execution and delivery of this Agreement, and that they have in fact done so. Plaintiffs acknowledge that they have consulted with their counsel of record in the FLSA Lawsuit, and have been specifically advised by counsel of the consequences of the Agreement they have signed.

14. **Modification.** The Parties agree that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement signed by those Parties who are affected by the alteration, amendment, modification, or change.

15. **Severability.** All provisions and portions of this Agreement, except Paragraph 1 above, are severable. Should any provision be determined invalid by a court/arbitrator of competent jurisdiction, the Parties agree that this shall not affect the enforceability of the other provisions of this Agreement. Should Paragraph 1 be declared unenforceable in any respect, the Parties agree to negotiate the provision(s) in good faith to effectuate its purpose and to conform the provision to law.

16. **Non-Assignment of Claims.** Plaintiffs represent that they have not assigned or transferred, or purported to assign or transfer, any claim released herein or any portion thereof to any person or entity, and agree to indemnity, defend and hold Defendant and RELEASEES harmless from and against any and all claims based upon or arising out of any such assignment or transfer, or purported assignment or transfer, of any claims or any portion thereof or interest therein.

17. **Knowing and Voluntary Agreement.** Plaintiffs acknowledge that: (i) they have read the terms of this Agreement, and that they understand its terms and effects, including the fact that they have agreed to RELEASE AND FOREVER DISCHARGE the RELEASEES from any Released Claims identified in Paragraph 1; (ii) they have signed this Agreement voluntarily and knowingly in exchange for the consideration described herein, which they acknowledge is adequate and satisfactory to them; (iii) the payments, benefits, promises and undertakings performed, and to be performed by Defendant, as set forth herein, are fair and adequate consideration for the release and other promises and obligations of Plaintiffs set forth in this Agreement; and (iv) Defendant has advised Plaintiffs, through this document, to consult with an attorney prior to signing this Agreement, and they have done so with one or more of their attorneys of record in the FLSA Lawsuit, prior to signing this Agreement.

18. **Prevailing Party Fees in Case of Enforcement.** Should any party to this Agreement be required to enforce the terms of this Agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorney fees and costs.

**IN WITNESS WHEREOF,** the parties hereto have executed this FLSA Settlement Agreement and Release on the dates indicated below.

DATED: 12-20-18          _____
                         LAUREN LAYTON

DATED: 12/19/2018

TAHARRIA HAMILTON

DATED: 12/19/2018                    *Deborah Estes*
                                     DEBORAH ESTES

8

DATED: 12-21-2018

_____
LISA DAVINO

9

DATED: 1/7/19

PERCEPTA, LLC

By: _____

Title: CEO

10