# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LAUREN LAYTON, TAHARRIA
HAMILTON, DEBORAH ESTES and
LISA DAVINO,

        Plaintiffs,

v.                         Case No: 6:17-cv-1488-Orl-41DCI

PERCEPTA, LLC,

        Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. 65)** |
| **FILED:** | **January 10, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I. BACKGROUND

On August 14, 2017, Plaintiff Lauren Layton filed a Complaint against Defendant alleging a cause of action for unpaid overtime wages under the Fair Labor Standards Act (the FLSA). Doc. 1. Since that time, Plaintiffs Taharria Hamilton, Deborah Estes, and Lisa Davino opted in to this action. Docs. 23; 24; 25.

On January 10, 2019, the parties filed a joint motion for approval of settlement and dismissal with prejudice (the Motion), to which the parties attached their proposed settlement

agreement (the Agreement). Docs. 65; 65-1. The Agreement provides that Defendant will pay Plaintiffs a total of $50,000.00, divided as follows:

- Plaintiff Layton: $3,750.00 in unpaid wages and $3,750.00 in liquidated damages;

- Plaintiff Hamilton: $2,500.00 in unpaid wages and $2,500.00 in liquidated damages;

- Plaintiff Estes: $3,500.00 in unpaid wages and $3,500.00 in liquidated damages;

- Plaintiff Davino: $500.00 in unpaid wages and $500.00 in liquidated damages; and

- $29,500.00 in attorney fees.

Docs. 65 at 2-3; 65-1 at 3-4. The parties ask the Court to review and approve the Agreement, dismiss the case with prejudice, and retain jurisdiction to enforce the terms of the Agreement. Doc. 65 at 5.

## II.    LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

### III. ANALYSIS

**A. Settlement Amount.**

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA. *See* Docs. 1; 65 at 2, 4. In their Motion, the parties represented the following: the parties completed written discovery and took a total of eight depositions; the parties attended mediation and negotiated at arms' length; the parties' counsel view the terms of the Agreement as a good outcome for the parties; and the parties consulted with their counsel and wish to resolve this matter through settlement rather than continue with protracted and costly litigation. Docs. 65; 65-1 at 6.

Based upon the foregoing, the undersigned finds that proposed settlement amount is a fair and reasonable settlement amount in this case. Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

**B. The Terms of the Agreement.**

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. However, the Agreement includes a "Modification" provision which purports to allow the parties to modify the agreement without Court approval.[4] *See* Doc. 65-1 at 6. Given that this provision would permit the parties to modify the agreement without Court approval, the undersigned finds that this provision is due to be stricken. Accordingly, it is **RECOMMENDED** that the Court

---

[4] The modification clause provides as follows: "The parties agree that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement signed by those Parties who are affected by the alteration, amendment, modification, or change." Doc. 65-1 at 6.

strike paragraph 14 of the Agreement, and otherwise find that the terms of the Agreement do not affect the reasonableness of the settlement.[5]

### C. Attorney Fees and Costs.

Pursuant to the Agreement, Plaintiff's counsel will receive a total of $29,500.00 as attorney fees and costs. Doc. 65-1 at 4. The parties represent that the attorney fees and costs were negotiated separately and without regard to the amounts paid to Plaintiffs. Docs. 65 at 4. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiffs. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

### D. Request to Retain Jurisdiction.

The parties baldly request that the Court retain jurisdiction to enforce the terms of the Agreement. Doc. 65 at 1, 5. The parties provided no argument and cited no authority in support of this request. *See* Doc. 65. Courts in this District routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement agreement. *See, e.g.*, *Correa v. Goldblatt*, Case No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224, at *3 (M.D. Fla. Sept. 9, 2011) *report and recommendation adopted*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, Case No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011) *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011). Given

---

[5] The Agreement contains a "Severability" provision, which provides, in part, that "[a]ll provisions and portions of this Agreement, except Paragraph 1 above, are severable. Should any provision be determined invalid by a court/arbitrator of competent jurisdiction, the Parties agree that this shall not affect the enforceability of the other provisions of this Agreement." Doc. 65-1 at 6.

the absence of any compelling reasons to retain jurisdiction over this case, it is **RECOMMENDED** that the Court deny the parties' request to retain jurisdiction to enforce the terms of the Agreement.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 65) be **GRANTED in part** as follows:

1. Paragraph 14 of the Agreement (Doc. 65-1 at 6) be **STRICKEN**;

2. The Agreement (Doc. 65-1) otherwise be found to be a fair and reasonable settlement of Plaintiffs' FLSA claims;

3. The case be **DISMISSED with prejudice**;

4. The Clerk be directed to close the case; and

5. The Motion (Doc. 65) otherwise be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on February 13, 2019.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy